DECISION
Appellant, Charmaine Campbell, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding her to be a delinquent minor as a result of having committed the offense of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree. Appellant assigns a single error:
 Appellant was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution due to the failure of trial counsel to (1) request findings of fact and (2) file an objection pursuant to Juvenile Rule 40.
Because appellant was not deprived of effective assistance of counsel, we affirm.
On January 29, 2001, a complaint was filed against appellant, alleging she was a delinquent minor as a result of committing the offense of felonious assault. The complaint asserted appellant caused serious physical harm to Amina Abshir by pushing over a file cabinet onto Abshir during an argument and breaking Abshir's ankle. A hearing was held on February 12, 2001, before a magistrate of the trial court, who issued an oral decision at the conclusion of the hearing. The magistrate found beyond a reasonable doubt that appellant committed the offense of felonious assault, and as a result is a delinquent minor. On February 28, 2001, the magistrate terminated the wardship of appellant and terminated the order of long-term foster care by Franklin County Children Services. In a written decision filed March 7, 2001, the magistrate reaffirmed appellant's delinquency status arising from the felonious assault of Abshir, and committed appellant to the legal custody of the Department of Youth Services for institutionalization in a secure facility for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed appellant's attainment of the age of twenty-one years. By judgment entry filed the same day, the trial court adopted the magistrate's decision.
Appellant timely appeals and asserts she was deprived of effective assistance of counsel because her attorney failed to request findings of fact and conclusions of law, resulting in "a waiver of all appellate review of factual or legal errors committed during the adjudicatory hearing." (Appellant's Brief, 5-6.) Moreover, appellant takes issue with her attorney's failure to object to the magistrate's decision in the trial court. Appellant contends that, had counsel requested findings of fact and then filed objections to the magistrate's decision, she would have "urged this Court to reverse her conviction because it is contrary to the weight of the evidence." (Id. at 6.)
To prevail on a claim of ineffective assistance of counsel, appellant must meet the following standard:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. Strickland v. Washington (1984), 466 U.S. 668, 686.
According to the state's evidence, the residents at Rosemont Crisis Care Center were scheduled to have pizzas for one of their meals on January 13, 2001. After a confrontation with a woman who had come in to make the pizzas, appellant went to the office of Joseph Cunningham, an employee of Rosemont. The office area was an unauthorized area for appellant at that time, and Cunningham several times requested that appellant leave the area. Although Cunningham allowed appellant ample time to pull herself together and to leave the office, appellant became upset. She walked around Cunningham's desk, sat on a chair, and pulled another chair out to prop up her feet. Cunningham raised both of appellant's ankles and moved the one chair.
As a result, the disagreement between them began to escalate. Appellant picked up a coffee pot and threw it against the wall, causing the coffee pot to break. Although Cunningham at that time could have restrained appellant, due to her pregnancy he did not want to do so.
Another employee, Abshir, attempted to intervene and defuse the situation. Instead, appellant became more agitated. According to Cunningham, appellant went to the filing cabinet, threw things off the top of the filing cabinet, and attempted twice to punch Cunningham. By that time, Abshir had stepped in between them. Abshir's initial focus was on Cunningham, but she then directed her attention to appellant, who "reached over and grabbed the filing cabinet with both hands and pulled it down on [Abshir]. * * * When she did that she just not ran, not hustled, but just whatever to say sashayed out of the office with no care, no concern; no remorse." (Tr. 29-30.)
Abshir was stuck under the fallen file cabinet. With some effort, Cunningham was able to move the cabinet off Abshir, when he noticed a bone sticking out of Abshir's leg. Abshir suffered a dislocation of her ankle, underwent surgery to correct a broken bone, including nine screws on her leg, and stayed in the hospital for two and one-half days. At the time of the hearing, Abshir's leg was still in a cast. Cunningham estimated the filing cabinet weighed approximately one hundred pounds. Appellant made no effort to help remove the file cabinet. Instead, she was telling other residents that "if it wasn't for us putting our hands on her, she wouldn'ta [sic] done that." (Tr. 33.)
In many respects, appellant's evidence does not dispute the state's case. They diverge in appellant's description of the motive for her actions. According to appellant, at the time appellant pulled the file cabinet over, she was just upset. She did not intend to injure anyone in pulling it down, and specifically did not intend to injure Abshir. Appellant was "just upset and * * * trying to knock someum' around." (Tr. 44.) When she pulled the file cabinet over, she was not sure where Cunningham and Abshir were, and she walked out of the office because she was very upset. After the police arrived and handcuffed appellant, she apologized to Abshir.
To prove felonious assault, the state was required to show that appellant knowingly caused serious physical harm to Abshir. R.C. 2903.11(A). While the defense conceded serious physical harm, it contested the knowingly element of felonious assault. According to R.C. 2901.22(B), a "person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
The magistrate concluded appellant knowingly pulled the cabinet over, and further had to realize Abshir would be on the bottom side of the cabinet once it was pulled over: "Knowingly, she knowingly pulled that huge, heavy cabinet over with Amina Abshir standing next to it, and she had to know that it would probably result in Amina getting stuck or hit or or struck somewhere by this cabinet being pulled over. And that was such a heavy cabinet it it would probably result in some serious physical harm." (Tr. 66.)
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
The state presented ample evidence that appellant acted knowingly pursuant to the definition set forth in R.C. 2901.22(B). Appellant was aware that Abshir was standing about two or three feet from the filing cabinet in Cunningham's office. Nonetheless, in anger, appellant pulled the file cabinet over and it fell onto Abshir. Showing no signs of remorse, appellant casually left the office with Abshir pinned under the cabinet. The act of pulling over the filing cabinet in the direction of Abshir is a knowing act under the facts and circumstances of this case and supports the trial court's determination that appellant acted knowingly. Moreover, given the cabinet's size and weight, the evidence supports the magistrate's determination that appellant knew serious injury would result, despite appellant's protestations that she did not intend to injure either Cunningham or Abshir.
Given the foregoing, appellant's counsel in the trial court did not need to file a request for findings of fact and conclusions of law, as the magistrate explained the basis for her decision at the conclusion of the hearing. Counsel, thus, was not ineffective in failing to request findings of fact and conclusions of law. Moreover, counsel's performance was not deficient in failing to file objections to the magistrate's decision, as the magistrate's decision, adopted by the trial court, is supported by the manifest weight of the evidence. As a result, not only was counsel's performance not deficient, but appellant suffered no prejudice by counsel's inaction in the trial court subsequent to the magistrate's decision.
Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
McCORMAC and LAZARUS, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.